him to recover from him the possession of them if her object was to repossess herself of them. She could, however, at any time within twenty years after that adverse possession on his part had thus commenced against her, had she lived so long, have instituted an action like this against him or the present defendant for that purpose. But as the twenty years' limitation of the action commenced running against her from the time the cause of action accrued several years before her death, and was not arrested or suspended by it but has since continued running against her devisees, the plaintiffs in the present action, it will be for the jury to consider and determine from the evidence whether the defendant has established to your satisfaction his defense of an adverse possession of the premises by Cyrus S. Jefferson and those under whom the defendant claims of at least twenty years' continuation before this action was commenced. If he has not, the verdict of the jury should be in favor of the plaintiffs; if he has, then in favor of the defendant. The action was commenced on the 30th day of March, 1878. Cyrus S. Jefferson's repudiation of his relation as tenant of the premises to his mother as stated in the testimony of Noble Connaway was in 1857 or 1859. Does that establish the defense? To do that the jury must be satisfied that the dispute referred to and related by the witness must have occurred before the 30th day of March, 1858.

The defendant had a verdict.

---

DAVID MILLER, defendant below, appellant, v. EDMUND HOLDING, plaintiff below, respondent.

The court will not dismiss an appeal for want of form as prescribed by the statute, because the condition of the surety in it was " that the said appeal shall be prosecuted with effect, and that any judgment which shall be rendered against the said defendant or his executors or administrators upon said judgment shall be satisfied," instead of " and that any judgment rendered against the said David Miller, his executors or administrators, upon said appeal shall be satisfied."

AN appeal from a judgment given by George B. Dickson, a justice of the peace. The transcript filed was as follows : " Action of *assumpsit* for the services of a stallion. Demand twelve dollars. December 14th, 1878. Both parties appeared, and after hearing the proofs and allegations of the plaintiff and defendant, judgment is hereby given against David Miller, the defendant, in favor of Edmund Holding, the plaintiff, for the sum of ten dollars debt and six dollars and seven cents judgment cost. GEORGE B. DICKSON, J. P. Same day, December 14th, 1878, the said David Miller appeals and Dr. Isaac Jump becomes surety in the sum of fifty dollars that the said appeal shall be prosecuted with effect, and that any judgment which shall be rendered against the said defendant or his executors or administrators upon said judgment shall be satisfied.

" Attest : GEORGE B. DICKSON, J. P.        ISAAC JUMP."

And this was followed by the certificate of the justice in regular form.

*J. P. Saulsbury*, for the plaintiff below, now made a motion to the court to dismiss the appeal because the entry of it by the justice was not in accordance with the form prescribed by the statute, which must be strictly followed. In the first place, it does not state the name of the appellant, and in the second place, it does not state that any judgment which shall be rendered against the said Miller, his executors or administrators, upon said appeal shall be satisfied, but states that any judgment which shall be rendered against the said defendant, his executors or administrators, upon said judgment shall be satisfied. This court has no power to amend a record unless it is authorized by statute. *Latham* v. *Edgerton*, 9 *Cow.* 227 ; *Ex parte Alvord et al.*, 6 *Cow.* 585 ; 4 *Cow.* 592. When the appeal bond is defective in any case, the Court of Common Pleas may quash the appeal at any time. *Ex parte Brown*, 7 *Cow.* 468. In this case the surety in the appeal signed the entry on the record of it as it was made by the justice of the peace, and it is not competent for this court or the justice either to alter or vary it by any amendment, for that would be to change the contract and the legal obligation of the surety in the case,

which cannot be done. When the transcript from the justice's record fails to show upon its face that an appeal was taken and security was given as required by law, it is fatally defective, and is therefore null and void in law. And as the giving of security and the entry of the appeal here in all respects in strict conformity with the requirements of the statute is absolutely essential to give this court jurisdiction of the appeal in any case, if that is wanting the court can do but one thing in the case, and that is to reject or dismiss the appeal. But the appellant is not without redress or remedy in such a case against the justice of the peace.

*Fisher*, for the defendant below : The court ought not to dismiss an appeal because the justice has failed to furnish a duly certified transcript under seal, notwithstanding the statute requires the appellant to have the appeal entered in the Superior Court on or before the first day of the next term, and for that purpose to deliver a duly certified transcript of all the docket entries in the case to the prothonotary of the court, but will direct that a duly certified transcript be filed during the term. *Green* v. *Kinney*, 2 *Harr.* 160 ; *Lewis* v. *Hazel*, 4 *Harr.* 470 ; *Waters* v. *Kirby*, 1 *Houst.* 364. The court will not dismiss an appeal because of a defect in the bond or entry of security by the justice, unless the appellant after having been required to execute a new bond or to have the defect corrected shall refuse or neglect to do so, and the court will allow the defect to be corrected by making such an order. *Dedman* v. *Barker*, 1 *Scam.* 254 ; *Jones* v. *Davis*, 4 *Mo.* 28 ; *Craddock* v. *Pritchett*, *Peck* 22 ; *King* v. *Hampton*, 3 *Haywood* 60 ; *Cochran* v. *Parker*, 6 *S. & R.* 549 ; *Carter* v. *Pritchard*, 11 *Ala.* 673. The court may in its discretion allow amendments of the appeal bond after motion to dismiss ; and it is error if the court refuse to permit the appellant to file a sufficient bond. *Twidall* v. *Meeker*, 1 *Scam.* 137 ; 1 *Halst.* 220 ; 3 *Halst.* 135 ; 7 *Halst.* 181 ; *Dedman* v. *Barker*, 1 *Scam.* 254. The appeal cannot be defeated by the neglect or fraud of the justice. *Little* v. *Swift*, 4 *Scam.* 400 ; *Ewing* v. *Bailey*, 4 *Scam.* 420. A party ready and willing to comply with the prerequisites to an appeal can-

not be deprived of his right to it by the willful or accidental omission of the justice. *Louderback* v. *Boyd,* 1 *Ashm.* 380 ; *Swift* v. *Brownell,* 4 *Wis.* 285 ; *Lacy* v. *Fairman,* 7 *Blackf.* 558. It is error to dismiss an appeal from a justice of the peace on account of defect in the appeal bond when the appellant offers to execute a new and sufficient bond without delaying the trial. *Appleton* v. *Turrentun,* 19 *Ala.* 706.

*The Court* refused the motion to dismiss the appeal.

---

### ABIGAIL RUSSELL *v.* GEORGE W. BENNETT ET AL.

If on the sale upon a *scire facias* on a recognizance taken in the Orphans' Court in proceedings for the partition of the real estate of an intestate, in which the widow waives the assignment of her dower therein and elects to take in lieu of it the interest during her life on the one-third of the amount for which it was sold at trustee's sale in pursuance of the proceedings in that court, and owing to the great depreciation of it in the meantime it sells for less than the real sum for which the recognizance was so taken, the Superior Court will, on the return of the writ and the paying of the money into that court by the sheriff, order the entire amount of it, minus the costs, to be loaned on approved security with the interest thereon to be paid to the widow during her life and the principal thereof at her death to the administrator of the intestate, or as the court may otherwise direct.

THIS case came up on the return of the sheriff of the county to a sale on a *scire facias* upon a recognizance in the Orphans' Court entered into by David W. Bennett, purchaser of the lands and tenements of his father, George Bennett, deceased, who died intestate, at the trustee's sale on the confirmation of it in the proceedings for the assignment of dower therein to the widow, and the partition of the residue thereof among the heirs-at-law of said deceased, in the said court, and of the proceeds of the sale of the said lands and tenements on the said *scire facias* in the hands of the said sheriff paid by him into this court for further investment, pursuant to the statute in such case made and provided. The real debt of the recognizance was